UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PERCY GREEN,                        )
                                    )
        Plaintiff(s),                )
                                    )
    vs.                              )   Case No. 4:05CV198 JCH
                                    )
CITY OF ST. LOUIS, et al.,           )
                                    )
        Defendant(s).                )

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion of Defendants to Dismiss Plaintiff's Conspiracy Claims, Fifth Amendment Claims, Thirteenth Amendment Claims, "Second Cause of Action" and "Third Cause of Action" set forth in his Third Amended Petition and Complaint ("Defendants' Motion to Dismiss"), filed October 17, 2005. (Doc. No. 54). The matter is fully briefed and ready for disposition.

**BACKGROUND**

By way of background, Plaintiff Percy Green was hired in 1993 by the St. Louis Development Corporation ("SLDC") as the Deputy Director of the Minority Business Enterprise and Women Business Enterprise Certification Program. (Plaintiff's Third Amended Petition and Complaint ("Complaint" or "Compl."), ¶¶ 1, 7). Plaintiff was laid off from his position in September, 2001. (Compl, ¶ 11).

Plaintiff filed his Complaint in this matter on October 3, 2005. (Doc. No. 52). Plaintiff's First Cause of Action ("Count I") is brought pursuant to 42 U.S.C. §§ 1981, 1981a, 1983, and 1985, for alleged violations of Plaintiff's First, Fifth and Fourteenth Amendment rights, and for conspiracy to violate such rights. Specifically, Plaintiff alleges that Defendants discriminated against him on the

basis of race, and fired him in retaliation for his engagement in various protected civil rights activities. (Compl., ¶¶ 9, 11).

Plaintiff's Second Cause of Action ("Count II") is brought pursuant to 42 U.S.C. §§ 1981, 1981a, 1983 and 1985, for alleged violations of his First, Fifth, Thirteenth and Fourteenth Amendment rights, and for conspiracy to violate such rights. Specifically, Plaintiff alleges that he was hindered in his ability to determine whether to grant minority status in an objective manner when Defendants: (a) denied sufficient staff and funding to Plaintiff's department; (b) suggested that Plaintiff grant false certification for preferred enterprises; and (c) withdrew sole certification authority from Plaintiff's department, insisting instead on reciprocal grants of certification. (Compl., ¶¶ 17, 19). Plaintiff further asserts he was pressured by Defendants to commit fraud, by issuing false certifications, and was fired when he objected to the acts of fraud and dishonesty. (Id., ¶¶ 21, 22). Plaintiff thus asserts Defendants, individually and in conspiracy: (1) violated his First Amendment rights, by limiting his right to deliver honest public reports as to the certification status of various entities; (2) violated his Fifth Amendment rights, by attempting to force him to self-incriminate by giving false certifications; (3) violated his Fourteenth Amendment right to equal protection, by retaliating against him for protecting the Thirteenth Amendment rights of persons to contract with government; and (4) violated state law and public policy. (Id., ¶¶ 24-26).

Finally, in his Third Cause of Action ("Count III"), Plaintiff purports to bring a retaliation claim pursuant to the whistle-blower protection provision of the False Claims Act, 31 U.S.C. § 3730(h). (Compl., ¶¶ 30-34).

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40

L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## DISCUSSION

**I.  Conspiracy Claims**

In Counts I and II of his Complaint, Plaintiff alleges that Defendants acted "in conspiracy or concert" to violate his rights. (Compl., ¶¶ 11, 22-25). The Eighth Circuit has held that "[i]n order to show a constitutional conspiracy, a party must show that two or more individuals conspired for the purpose of depriving, either directly or indirectly, a person or persons of their right to equal protection of the laws or of equal privileges and immunities under the laws...." Marti v. City of Maplewood, 57 F.3d 680, 685 (8th Cir. 1995) (citations omitted). Further, Plaintiff must "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement," and "[t]his showing can be accomplished by pointing to facts suggesting that the [Defendants] reached an understanding to violate [Plaintiff's] civil rights." Id. (internal quotations and citations omitted).

Upon consideration, the Court finds that with his conclusory allegations of conspiracy, Plaintiff fails to satisfy the above pleading standards. Ivester v. Lee, 991 F.Supp. 1113, 1124 (E.D.

Mo. 1998). The Court therefore will grant Defendants' Motion to Dismiss Plaintiff's conspiracy claims.[1]

## II. Fifth Amendment Claims

As stated above, Plaintiff references the Fifth Amendment in Counts I and II of his Complaint. Specifically, Plaintiff alleges Defendants violated his rights under the Fifth Amendment, by "attempting to compel him to violate his rights against self incrimination by forcing him to incriminate himself publicly by giving a dishonest or fraudulent report by submitting a fraudulent or dishonest directory of certifications through the U.S. Mail or otherwise in violation of the Mail Fraud Statute, 18 U.S.C. 1341." (Compl., ¶ 24).

The Fifth Amendment to the United States Constitution provides in relevant part as follows: "No person....shall be compelled in any criminal case to be a witness against himself,...." The Eighth Circuit has held that "[t]he Amendment speaks of compulsion, and the [Supreme] Court has insisted that the constitutional guarantee is only that the witness not be *compelled* to give self-incriminating testimony." United States v. McFarlane, 309 F.3d 510, 513 (8th Cir. 2002) (internal quotations and citations omitted). In the instant case, there is no indication Plaintiff was forced to testify on any matter, either within or without the context of a criminal proceeding. Plaintiff's Fifth Amendment claims must therefore be dismissed.

## III. Second Cause Of Action

---

[1] As further support for its ruling, the Court notes that a governmental entity cannot conspire with itself through its agents. Larson v. Miller, 76 F.3d 1446, 1456 n. 6 (8th Cir. 1996) (citation omitted). While "[a]n exception arises when the agents were, at the time of the conspiracy, acting beyond the scope of their authority or for their own benefit," Barstad v. Murray County, 420 F.3d 880, 887 (8th Cir. 2005) (citation omitted), Plaintiff makes no such allegations in the instant case.

In their Motion to Dismiss, Defendants next assert Count II of Plaintiff's Complaint must be dismissed, for failure to state claims under 42 U.S.C. §§ 1981 and 1983[2], and under state law and public policy. (Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Conspiracy Claims, Fifth Amendment Claims, Thirteenth Amendment Claims, "Second Cause of Action" and "Third Cause of Action", set forth in his "Third Amended Complaint and Petition" ("Defendants' Memo in Support"), PP. 6-8). The Court will address Defendants' assertions in turn.

### A. 42 U.S.C. § 1983

In their Motion to Dismiss, Defendants first note that Section 1983 is not a source of substantive rights. (Defendants' Memo in Support, P. 6 (citations omitted)). Defendants continue to assert that because Plaintiff fails to state claims under the First, Fifth, Thirteenth, and Fourteenth Amendments, his Section 1983 claim necessarily must fail as well. (Id., PP. 6-7).[3]

Upon consideration of the parties' submissions, together with Plaintiff's Complaint, the Court finds that in Count II, Plaintiff sufficiently states a cause of action under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights.[4] Plaintiff fails to state a cause of action pursuant to rights guaranteed by the Thirteenth and Fourteenth Amendments in Count II, however, and so those claims will be dismissed.[5]

---

[2] Defendants further assert Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1985. In light of the Court's above dismissal of Plaintiff's conspiracy claims, Plaintiff's claims under 42 U.S.C. § 1985 must be dismissed as well.

[3] The Court previously dismissed Plaintiff's Fifth Amendment claims, in Section II, supra.

[4] The Court further finds the allegations in Count II regarding alleged violations of Plaintiff's First Amendment rights are not necessarily duplicative of the allegations regarding First Amendment violations set forth in Count I.

[5] To the extent Plaintiff may state a claim in Count II pursuant to rights secured by the Fourteenth Amendment, the Court finds such claim to be duplicative of the claims asserted in Count I of his Complaint.

### B.  42 U.S.C. § 1981

In their Motion to Dismiss, Defendants maintain the allegations in Count II of Plaintiff's Complaint do not support a violation of 42 U.S.C. § 1981, and further are duplicative of the § 1981 allegations asserted in Count I. (Defendants' Memo in Support, PP. 7-8). Upon consideration, however, the Court finds Plaintiff may be able to present facts in support of this claim which would entitle him to relief separate from that available under Count I, Conley v. Gibson, 355 U.S. at 45-46, and so this portion of Defendants' Motion to Dismiss must be denied.

### C.  Public Policy And State Law

Defendants finally assert Plaintiff's Count II claims of violations of state law and public policy must be dismissed, for lack of specificity. (Defendants' Memo in Support, P. 8). The Court agrees Plaintiff fails to cite to any specific state law allegedly violated by Defendants' actions, and so this claim will be dismissed. Upon consideration, however, the Court finds that with his allegations in Count II, Plaintiff states a cause of action for violation of public policy, sufficient to withstand the instant Motion to Dismiss.

### IV.  Third Cause Of Action

As stated above, in his Third Cause of Action Plaintiff purports to bring a retaliation claim pursuant to the whistle-blower protection provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). (Compl., ¶¶ 29-34). 31 U.S.C. § 3730(h) provides in relevant part as follows:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

Id. In order to prove retaliation under this section, Plaintiff must show: "(1) the plaintiff was engaged in conduct protected by the FCA; (2) the plaintiff's employer knew that the plaintiff engaged in the protected activity; (3) the employer retaliated against the plaintiff; and (4) the retaliation was motivated solely by the plaintiff's protected activity." Schuhardt v. Washington Univ., 390 F.3d 563, 566 (8th Cir. 2004) (citation omitted).

In their Motion to Dismiss, Defendants assert Plaintiff's third cause of action must be dismissed, as he fails to allege that he complained about, or engaged in an investigation of, fraudulent activities. (Defendants' Memo in Support, P. 9). Defendants maintain that "[a] complaint or report of wrongdoing that does not specifically allege fraud does not constitute a protected activity and does not constitute notice to the employer." (Id. (citations omitted)).

Upon consideration, the Court will deny this portion of Defendants' Motion to Dismiss. Specifically, in reading Plaintiff's Third Amended Complaint liberally, the Court finds Plaintiff sufficiently asserts he engaged in conduct protected by the False Claims Act, by complaining to Defendants about allegedly false reporting in grant applications regarding the inclusion of minorities and women in contracts conferred by the City and SLDC. (Compl., ¶¶ 30-33).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendants to Dismiss Plaintiff's Conspiracy Claims, Fifth Amendment Claims, Thirteenth Amendment Claims, "Second Cause of Action" and "Third Cause of Action" set forth in his Third Amended Complaint and Petition (Doc. No. 54) is **GRANTED** in part and **DENIED** in part, in accordance with the above rulings.

Dated this 23rd day of January, 2006.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE